## Kaprive v. Masontown Borough et al.

Before Carr, P. J., Morrow and Cottom, JJ.

*Henderson, Parshall & Crow*, for plaintiff.

*Donald M. Bane, Pritchard, Lawler, Malone & Getz*, for defendant.

MORROW, J., April 16, 1951.—Claimant in this case was injured by accident in the course of his employment on January 9, 1949. His wages at that time were fixed by the hour. His average weekly wage for compensation was to be determined in accordance with section 309 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, 538. Since his wages were not fixed by the week or by the month or by the year, they would be determined under clause (*d*) of that

section. The portion of section 309, as amended, applicable to the question here involved reads:

"Wherever in this Article the term 'wages' is used, it shall be construed to mean the average weekly wages of the employe, ascertained as follows: . . .

"(*d*) If at the time of the accident the wages are fixed by the day, hour, or by the output of the employe, the average weekly wage shall be the wage most favorable to the employe, computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of thirteen consecutive calendar weeks in the fifty-two weeks immediately preceding the accident, or in case the employe receives wages, monthly or semimonthly, by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third, or fourth period of three consecutive calendar months in the year immediately preceding the accident;

"If the employe has been in the employ of the employer less than thirteen calendar weeks (or three calendar months, if the employe receives wages monthly or semi-monthly) immediately preceding the accident, his average weekly wage shall be computed under the foregoing paragraph, taking 'total wages' for such purpose to be the amount he would have earned had he been so employed by employer the full thirteen calendar weeks (or three calendar months) immediately preceding the accident and had worked, when work was available to other employes in a similar occupation, unless it be conclusively shown that by reason of exceptional causes such methods of computation does not ascertain fairly the 'total wages' of employe so employed less than thirteen calendar weeks (or three calendar months)."

The referee's findings, approved by the board, show that claimant was employed by the Borough of Mason-

town from September 15, 1948, to the date of the accident, January 9, 1949, being paid in this period a total of $179.37, distributed over this term of employment as follows:

September 15, 1948 - September 30, 1948 . . . . . . . $31.53
October    1, 1948 - October 15, 1948 . . . . . . . . . . . .  24.64
October 16, 1948 - October 30, 1948 . . . . . . . . . . . .  24.64
November   1, 1948 - November 15, 1948 . . . . . . . .  21.56
November 16, 1948 - November 30, 1948 . . . . . . . :  24.64
December   1, 1948 - December 15, 1948 . . . . . . . .  21.56
December 16, 1948 - January 9, 1949 . . . . . . . . . .  30.80

It further appears in the findings that from August 20, 1948, to September 9, 1948, claimant was employed by the Boosters' Club of Masontown, earning a total of $142.96 in this period.

As appears in the opinion of the board, defendant contended that in computing claimant's average weekly wage under section 309 (d), quoted above, the 13-week period from the date of the accident, January 9, 1949, back to October 10, 1948, or the preceding like period back from October 10, 1948, should have been taken, and that, taking either of these two periods, the award to be given claimant should be $10 a week. Section 306 (a) of The Workmen's Compensation Act, as amended May 18, 1945, P. L. 671, provides in part for compensation for total disability at the rate of 66⅔ percent of the wages of the injured employe as defined in section 309, but the compensation shall not be more than $20 per week, nor less than $10 per week, unless the employe was, at the time of the injury, receiving wages of less than that amount.

In the board's opinion, it is stated in this connection: "We are not in agreement with the reasoning of defendant. As we interpret section 309 (d) of the act, this applies to those cases where a claimant has been employed by defendant for a period of 52 consecutive weeks. Where his employment is for a period of time less than that, the 13-week period referred to in

the act can commence on the actual date of employment by defendant of claimant. To hold otherwise might, as in this case where for a period of time claimant's hourly rate was greater than it was at the time of the accident, result in an injustice being committed against an injured employe."

In our opinion, this interpretation of section 309 by the board fails to give effect to the words "immediately preceding the accident". The section says: "computed by dividing by thirteen the total wages of said employe earned in the employ of the employer in the first, second, third *or* fourth period of thirteen consecutive calendar weeks in the fifty-two weeks *immediately preceding the accident . . .*"

The referee selected a period commencing August 20, 1948, and ending November 30, 1948, as concerns wage payments, and computed the average weekly wage of claimant on the basis of his earnings in that period. The board limited the period to November 15, 1948, not changing the referee's figures, however. But the substantial error, as we view the matter, lies in the before-mentioned failure to give effect to the words "immediately preceding the accident". Effect is given to them in the method of computation urged before the board but not accepted by it, as above stated. We find nothing in section 309 (*d*) making these words applicable only to those cases "where a claimant has been employed by the defendant for a period of fifty-two consecutive weeks."

In our opinion, claimant is entitled to a compensation of $10 per week.

### Order

And now, April 16, 1951, after consideration, appellants' exceptions 3 to 8, inclusive, are sustained and the award is amended by striking out $13.84 per week and inserting in lieu thereof $10 per week, and

the award as thus amended is affirmed, and the prothonotary is directed to enter judgment upon the award as amended.